UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSEPH H. DANIELS, JR, | ) | CASE NO. 1:13 CV 2534 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| OHIO STATE COURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On November 15, 2013, *pro se* Plaintiff Joseph H. Daniels, Jr. filed the above-captioned *in forma pauperis* civil action against the Ohio State Court and Judge Richard McMonagle. Mr. Daniels alleges the defendants engaged in illegal activities to secure his convictions. He seeks $5,000,000.00 in damages for illegal incarceration and duress. For the reasons set forth below, the Complaint is dismissed.

*Background*

Mr Daniels alleges Judge McMonagle "acquire[d] a case that were [sic] by a former state judge." (Doc. No. 1.) He was allegedly "charged on August 2, 2002 and the second fifth-degree felony on September 26th 2003." *Id.* From Mr. Daniels's perspective, "[a] fifth-degree felony has

not been ratified by the U.S. Congress and the state legislature does not have jurisdiction to make more felonies than the federal mandate describes." *Id.*

In the remainder of his complaint, Mr. Daniels alternatively complains about being in solitary confinement at Chillicothe penitentiary for three months[1] and being illegally charged based on "[t]he mixtures of an overdraft account with outstanding checks." *Id.* Finally, he claims he was charged with extortion on July 19, 1989 and carrying a concealed weapon on October 9, 1986, but was later acquitted of these charges. (Doc. No. 1 at 2.) He now asks the Court for $5million in damages and to expunge all felony and fifth-degree felony charges on his police record.

### *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

### *Failure to State a Claim*

As a threshold matter, Mr. Daniels does not set forth any basis for federal jurisdiction. The Court cannot address the possibility of diversity jurisdiction because he does provide any personal address in his Complaint or on the Civil Cover sheet. Even if the Court liberally construed this as

---

[1] This is based on his understanding that "one day of solitary confinement equals three days of regular confinement." (Doc. No. 1).

2

a civil rights action pursuant to 28 U.S.C. § 1983, he has failed to allege any violation of the United States Constitution. *Baker v. McCollan*, 443 U.S. 137, 140 (1979)("first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws' " of the United States).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id*. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278. Dismissal is appropriate "when the facts alleged rise to the level of the irrational or wholly incredible ...". *Denton v. Hernandez*, 504 U.S. 25 (1992). Even liberally construed, the complaint does not contain allegations reasonably suggesting Mr. Daniels might have a valid federal claim against the Ohio State Court or Judge McMonagle.

## *Conclusion*

Based on the foregoing, Mr. Daniels's Motion to Proceed *in forma pauperis* (Doc. No. 2) is granted, Motion for sixty-thousand dollars from the Ohio State Penitentiary (Doc. No. 3) is denied and the Complaint is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

_____ 5/27/14
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE